Lancaster v. Turner 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-152-CV

     RAY LANCASTER,
                                                                                              Appellant
     v.

     BEN HILL TURNER,
                                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-379-90
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Appellant appeals a June 15, 1993, summary judgment granted in favor of Ben Hill Turner. 
The transcript was timely filed in this court on August 16, making Appellant's brief due September
15. No filing fee was ever tendered. To date no brief has been filed on Appellant's behalf, and
no reasonable explanation has been shown for such failure.
      The appeal is dismissed for want of prosecution. See Tex. R. App. P. 74(l)(1).
                                                                                     PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion deliver and filed November 10, 1993
Do not publish



ght: 0.388889in">Tex. R. App. P. 26.2 (a)(1). Fowler’s notice of appeal was filed on the 31st day after his
sentence was suspended in open court.
      A notice of appeal which complies with the requirements of Rule 26 is essential to vest a
court of appeals with jurisdiction. Slaton v. State, 981 S.W.2d 208, 209 (Tex. Crim. App.
1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If an appeal is not
timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the
appeal and can take no action other than to dismiss the appeal. Slaton, 981 S.W.2d at 209;
Olivo, 918 S.W.2d at 523. Thus, unless there is an exception to the application of this rule in
this case, we have no jurisdiction of this appeal.
      The Texas Supreme Court held in Verburgt 
. . . that a motion for extension of time is necessarily implied when an
appellant acting in good faith files a bond beyond the time allowed by Rule
41(a)(1), but within the fifteen-day period in which the appellant would be
entitled to move to extend the filing deadline under Rule 41(a)(2) . . . we
reverse the judgment of the court of appeals and remand to that court to allow
it to determine whether Verburgt offered a reasonable explanation for his
failure to timely file his bond.
 
Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).
      The Supreme Court specifically noted that the rule as applied in civil cases was more
liberal than in criminal cases. Id at 616. Verburgt involved the application of the former rules
invoking the court of appeals jurisdiction in a civil case by filing a cost bond. Verburgt has
been applied to the current requirement for filing a notice of appeal to invoke appellate
jurisdiction. Coronado v. Farming Technology, Inc., 994 S.W.2d 901 (Tex. App.—Houston
[1st Dist.] 1999, no pet.); Tex. R. App. P. 26.
      Fowler has not asked us to apply Verburgt to his criminal case. The Court of Criminal
Appeals has specifically, consistently and recently held that an untimely notice of appeal does
not invoke appellate jurisdiction. Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998). 
The Court has used strong and clear language to hold that an untimely notice of appeal without
a motion for extension of time does not invoke the jurisdiction of an appellate court. In Olivo,
the Court analyzed the issue as follows:
“Jurisdiction of a court must be legally invoked, and when not legally
invoked, the power of the court to act is as absent as it if did not exist.”
[citation omitted] When a notice of appeal, but no motion for extension of
time, is filed within the fifteen-day period, the court of appeals lacks
jurisdiction to dispose of the purported appeal in any manner other than by
dismissing it for lack of jurisdiction. In that instance, a court of appeals
lacks jurisdiction over the purported appeal, and therefore, lacks the power to
invoke Rule 2(b) . . . in an effort to obtain jurisdiction of the case. 
Consequently, a court of appeals may not utilize Rule 2(b) . . . to create
jurisdiction where none exists. [citation omitted]
Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).
      After Verburgt was decided by the Texas Supreme Court, the Court of Criminal Appeals
was specifically invited by the Austin Court of Appeals to re-examine Olivo. Williams v.
State, 957 S.W. 2d 949, 950 (Tex. App.—Austin 1997, no pet.). The Court of Criminal
Appeals did not accept the invitation.
      Given the strength of the language used by the Court of Criminal Appeals directly on the
issue, the recency with which they have reaffirmed their holding, the refusal to accept the
invitation to reconsider their holding in light of the Texas Supreme Court’s holding in Verburgt
and the Texas Supreme Court’s recognition in Verburgt of the difference between the
approaches in civil and criminal cases, we do not believe we are in the position to harmonize
the differing constructions given the rules of appellate procedure in civil and criminal cases by
the State’s two high courts. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996); Johnson v. State, No. 1915-98, slip op. at 18, (Tex. Crim. App. February 9, 2000).
      Fowler’s notice of appeal was untimely according to Rule 26. We are without jurisdiction
to consider the merits of his appeal. See Slaton, 981 S.W.2d at 209; Olivo, 918 S.W.2d at
523. The State’s motion to dismiss is granted. Fowler’s appeal is dismissed for want of
jurisdiction.
 
                                                      PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed
Opinion delivered and filed March 22, 2000
Publish